# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CHARLOTTE S. WILLIAMS,**

    Plaintiff,

    -vs-                                        Case No. 15-C-346

**V&J EMPLOYMENT SERVICE, Inc., and**
**V&J FOODS, Inc.,**

    Defendants.

---

## DECISION AND ORDER

Charlotte Williams alleges that she was sexually harassed and subjected to a hostile work environment while working as a crew member at two different Milwaukee-area Burger King restaurants in the summer of 2013. Williams also alleges that she was transferred, had her hours reduced, and was eventually fired in retaliation for complaining about the alleged harassment. The defendants, V&J Employment Service and V&J Foods, move for summary judgment. Williams moves for partial summary judgment on V&J's affirmative defenses. Both of these motions are denied.

**I.    Background**

In May 2013, Williams was hired to work as a cashier at the Burger King located at 5120 West Capitol Drive. Williams worked with Michaelina Blake. According to Williams, Blake stared at her, called her sexy, and

hugged her on at least one occasion. Blake also told Williams that Williams was going to be her girlfriend, grabbed Williams's buttocks, pressed her breasts against Williams, and frequently looked up and down Williams's body. Blake's harassment began on June 15, 2013. Williams rejected Blake's advances. According to Williams, Blake retaliated by reducing Williams's working hours.

Williams complained to the store manager, Ernest Wallace, about Blake's harassment and about her hours being reduced. Wallace relayed this complaint to Robert Postorino, V&J's Director of Operations. Postorino directed Wallace to change the shift that Blake was assigned to work and proceeded to investigate Williams's complaint. Postorino interviewed Blake, Shift Leader Tessie Harrell, Williams, and several crew members. None of the various crew members interviewed by Postorino observed any of the conduct alleged by Williams. Blake stated that she had only worked with Williams on a few occasions and denied making any comments of a sexual nature, attempting to hug Williams, or taking any other inappropriate action. Harrell stated her belief that Williams, not Blake, was acting inappropriately. According to Postorino, Williams requested a transfer. Williams denies requesting a transfer.

A few weeks later, on a day that Williams was not scheduled to

- 2 -

Case 2:15-cv-00346-PP   Filed 03/17/16   Page 2 of 11   Document 48

work, Williams came to the store and walked to the back where Blake was working. Fearing a confrontation, Blake asked her store manager to call Postorino. Soon thereafter, Postorino informed Williams that she was being reassigned to the Burger King at 3880 North 124th Street, 124th and Capital Drive. Postorino called Rashida Landrum, store manager at 124th and Capital, to inform her that a crew member was being transferred to her store. Without disclosing the details of his investigation or the nature of the issue, Postorino told Landrum that her crew needed to be very professional around Williams. At a meeting, Landrum told her employees to stay away from Williams because she had complained about sexual harassment.

Williams claims that at some point during the 2 to 3 weeks that she worked at the 124th and Capital location, Martin Stennis, the assistant store manager, gestured as if he were going to give Williams a hug (but didn't hug her), rubbed her hand on one occasion, and invited her to his home (which she declined). At her deposition, Williams testified that Stennis said "we can go to my house and play cards, we can have a couple of drinks, play some cards and just chill, you know, like, you know, nothing to it." In her subsequent declaration, Williams asserts that Stennis told her he was having marital problems and invited her over for sex.

- 3 -

Williams filed a complaint with the Equal Rights Division on August 12, 2013. Williams claims that she was fired on August 23, 2013. On that date, Williams came into work and found that her name had been removed from the schedule. An employee told Williams that Stennis had fired her. Williams tried to talk with Stennis about the firing, but Stennis refused to talk to her. On August 26, 2013, Williams was arrested and incarcerated for aggravated assault and felony battery. V&J claims that Williams was fired only after she failed to appear to work due to her incarceration. Williams never received a notice of termination.

**II. Analysis**

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one identified by the substantive law as affecting the outcome of the suit. *Bunn v. Khoury Enters., Inc.*, 753 F.3d 676, 681 (7th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A "genuine issue" exists with respect to any such material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 681-82. Thus, the plain language of the rule "mandates the entry of summary judgment, after adequate time for

- 4 -

Case 2:15-cv-00346-PP   Filed 03/17/16   Page 4 of 11   Document 48

discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### A. Hostile work environment

To survive summary judgment on a hostile work environment claim, the plaintiff "must first produce evidence that the alleged harassment was severe or pervasive. This requirement is disjunctive — 'one extremely serious act of harassment could rise to an actionable level as could a series of less severe acts.'" *Hall v. City of Chi.*, 713 F.3d 325, 330 (7th Cir. 2013) (quoting *Haugerud v. Amery Sch. Dist.*, 259 F.3d 678, 693 (7th Cir. 2001)). The hostility must be subjectively and objectively hostile — in other words, the plaintiff "must have actually felt harassed and that feeling must be reasonable." *Id.* Second, the hostile conditions must be connected to the plaintiff's race or, in this instance, gender. "Title VII is not a general prophylactic against workplace animus. It is only concerned with animus motivated by certain protected characteristics." *Id.* Finally, there must be a basis for employer liability.

Courts consider the totality of the circumstances, including "the severity of the allegedly discriminatory conduct, its frequency, whether it is

- 5 -

physically threatening or humiliating or merely offensive, and whether it unreasonably interferes with an employee's work performance." *Porter v. City of Chi.*, 700 F.3d 944, 955-56 (7th Cir. 2012). In this context, the distinction between legally hostile and merely disagreeable is often difficult to discern.

> Drawing the line is not always easy. On one side lie sexual assaults; other physical contact, whether amorous or hostile, for which there is no consent express or implied; uninvited sexual solicitations; intimidating words or acts; obscene language or gestures; pornographic pictures. On the other side lies the occasional vulgar banter, tinged with sexual innuendo, of coarse or boorish workers. … It is not a bright line, obviously, this line between a merely unpleasant working environment on the one hand and a hostile or deeply repugnant one on the other …

*Baskerville v. Culligan Int'l Co.*, 50 F.3d 428, 430-31 (7th Cir. 1995).

Viewing the evidence in the light most favorable to Williams, there are genuine issues of material fact as to whether she was subjected to an objectively hostile work environment. Williams was a part-time employee for only three months. During that time period, she was sexually harassed by two different individuals, one female and one male, at two separate work locations. It appears that Williams was targeted and treated as a sexual object at nearly every turn during the course of her employment.

To be sure, there are problems with some of the evidence put forth by

- 6 -

Williams. For example, Williams stated in her declaration, under penalty of perjury, that Blake pressed her breasts against Williams on multiple occasions. However, Williams never mentioned this conduct at her deposition, and she affirmatively stated that her testimony addressed all of her allegations of improper conduct against Blake. ECF No. 34, Response to ¶ 14. It is well-established that a party cannot defeat summary judgment by "submitting an affidavit containing conclusory allegations which contradict plain admissions in prior deposition or otherwise sworn testimony." *Adusumilli v. City of Chi.*, 164 F.3d 353, 360 (7th Cir. 1998). Therefore, where "deposition and affidavit [or declaration] are in conflict, the affidavit is to be disregarded unless it is demonstrable that the statement in the deposition was mistaken …" *Id.* Williams fails to explain the contradiction, but even if the Court disregards this evidence, Williams still put forth enough evidence of a hostile work environment to survive summary judgment. Similarly, Williams testified at her deposition that Stennis invited her to his house to for drinks and to play cards, but in her declaration, Williams explicitly stated that Stennis invited her over for sex. The Court can disregard the explicit overture without consequence; an invitation for drinks at the home of a supervisor is sexually suggestive in its own right.

As to employer liability, V&J invokes the affirmative defense set forth in *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). In these cases, the Court held that where "no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence." *Ellerth*, 524 U.S. at 765. The affirmative defense is available where (1) the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (2) the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. The affirmative defense is not available, however, "when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment." *Id.* V&J is not entitled to the *Ellerth/Faragher* defense because the alleged harassment culminated in a series of tangible employment actions: reduction in work hours, transfer to a less desirable work location, and termination.

V&J disputes the reduction in hours, the circumstances of Williams' termination, and the assertion that Williams was transferred to a less desirable location. These are issues of fact that must be resolved at trial.

V&J also disputes that Blake had the authority to reduce Williams's hours. Even V&J seems confused on this point. In his first declaration, Postorino stated that Shift Leaders, such as Blake, do not prepare or modify weekly work schedules for crew members. ECF No. 25-1, at 9-10. In his second declaration, Postorino states that Blake was an assistant store manager, but also held other positions during her employment with V&J, including shift leader. ECF No. 35, at 5. This begs the question as to whether Blake was an assistant store manager with the authority to alter Williams's work schedule. *See Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2439 (2013) ("an employee is a 'supervisor' for purposes of vicarious liability under Title VII if he or she is empowered to take tangible employment actions against the victim, …").

### B. Retaliation

To establish a retaliation claim under the direct method of proof, Williams must show that (1) she engaged in activity protected by Title VII; (2) V&J took an adverse employment action against her; and (3) there was a causal connection between her protected activity and the adverse employment action. *Coleman v. Donahoe*, 667 F.3d 835, 859 (th Cir. 2012). The parties do not dispute that Williams engaged in protected activity, both when she complained about Blake harassing her and later when she

filed an ERD complaint. The question is whether she can link an adverse employment action to one or both of those activities.

In at least one instance, the Court thinks that she can: upon her transfer, Williams's co-workers (according to Williams) were told to stay away from her because she had complained about sexual harassment. This is not a prototypical adverse employment action, but in the retaliation context, "actions by an employer that are not clearly 'employment' actions might support a claim of retaliation, the paradigmatic example being the employer who moves an employee's workspace into a closet in retaliation for a filed complaint." *Volovsek v. Wis. Dep't of Agric.*, 344 F.3d 680, 688 n.5 (7th Cir. 2003) (citing *Herrnreiter v. Chi. Housing Auth.*, 315 F.3d 742, 744 (7th Cir. 2002)). Williams's claim that she was ostracized because of her prior complaint falls into this category: cases in which "the employee is not moved to a different job or the skill requirements of his present job are altered, but the *conditions* in which [she] works are changed in a way that subjects [her] to a humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative alteration in [her] workplace environment …" *Herrnreiter*, 315 F.3d at 744 (emphasis in original).

### C. Affirmative defenses

Williams moves for summary judgment on V&J's affirmative

- 10 -

defenses. This motion is denied because there are genuine issues of material fact as to the validity of these defenses.

***

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

1. Williams's motions for leave to file [ECF Nos. 43, 44] are **GRANTED**;

2. Williams's motion for partial summary judgment [ECF No. 21] is **DENIED**; and

3. V&J's motion for summary judgment [ECF No. 23] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of March, 2016.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**